**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Martin, | No. CV-19-04517-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On June 21, 2019, Plaintiff sought this Court's review of Defendant's decision denying his application for disability benefits under the Social Security Act. (Doc. 1). Thereafter, the parties stipulated to a remand of the case for further administrative proceedings. (Doc. 22). On March 5, 2020, the Court granted the stipulation and remanded the case accordingly. (Doc. 23). On remand, Plaintiff was awarded benefits. (Doc. 37-1). Plaintiff now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 36; *see* Doc. 37). Defendant did not file a response. The Court will grant the motion to the extent detailed below and award $41,893.22 to Plaintiff's attorney pursuant to § 406(b).

Pursuant to 42 U.S.C. § 406(b)(1)(A):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

Where the claimant and his attorney have entered into a contingent fee agreement, the Court defers to the agreed-upon fee as long as it is reasonable. *See Gisbrecht v. Barnhart*,

535 U.S. 789, 792–93 (2002). A fee award under § 406(b) is offset by any fees previously awarded under the Equal Access to Justice Act (EAJA). *See id.* at 796 ("[A]n EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.") (internal alterations and citation omitted).

Here, Plaintiff and counsel agreed to a contingent fee "equal to twenty-five percent (25%) of all past-due benefits." (Doc. 37-2 at 2). In the instant case, this fee is reasonable. Per the Notice of Award, twenty-five percent of the past-due benefits payable to Plaintiff is $50,021.13. (Doc. 37-1 at 5). Following remand of the case, the Court awarded $8,127.91 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA) (doc. 35), thereby reducing the fees recoverable under § 406(b) to $41,893.22. *See id.*

**IT IS THEREFORE ORDERED** that the motion for attorney's fees (doc. 36) is **granted** to the extent detailed in this Order.

**IT IS FURTHER ORDERED** that **$41,893.22** of the past-due disability benefits payable to Plaintiff shall be paid to Plaintiff's attorney, Mark Caldwell.

Dated this 21st day of January, 2022.

Honorable Michael T. Morrissey
United States Magistrate Judge